UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ACCIDENT INSURANCE COMPANY,
INC.,

      Plaintiff,

v.                                        Case No: 6:24-cv-487-WWB-DCI

DWF INSTALLATIONS, INC.,
AMERICAN BUILDERS SUPPLY, INC.,
and ASHTON ORLANDO
RESIDENTIAL, LLC,

      Defendants.

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Plaintiff's Motion for Final Default Judgment Against All Defendants (DWF Installations, Inc. & American Builders Supply, Inc.) (Doc. 27)** |
| **FILED:** | May 21, 2024 |
| **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**. | |

Accident Insurance Company, Inc. (Plaintiff) brings this declaratory action against Defendants DWF Installations, Inc. (DWF Installations) and American Builders Supply, Inc. (ABS) (collectively "the Defendants"). Doc. 14.[1] Plaintiff alleges that Hamlin Reserve

---

[1] Plaintiff filed the initial Complaint against DWF Installations, ABS, and Ashton Orlando Residential, LLC (Ashton). Doc. 1. The Court granted leave to amend to omit claims against Ashton. Doc. 13.

Homeowners brought a construction defect lawsuit against Ashton and Ashton in turn filed a third-party complaint against ABS.  Doc. 14 at 2-3.  In that lawsuit, ABS asserts that DWF Installations performed most of the work and is liable.  *Id*. at 3.  This background is relevant because Plaintiff claims that it issued a commercial general liability policy to DWF Installations (the Policy) and Plaintiff "asks this Court to address questions of present and actual controversy between the parties concerning insurance coverage for claims pending in underlying liability lawsuit captioned: *Hamlin Reserve Homeowners Association, Inc. v. Ashton Orlando Residential L.L.C., d/b/a Ashton Woods Homes, LLC. v. American Builders Supply, Inc. v. DWF Installations, Inc., et. al.,* Orange County Circuit Court Case No.: 2022-CA-3162 (the "Underlying Suit")." *Id*. at 1.  Plaintiff brings two counts for relief and requests that the Court declare that it does not have a duty to defend or indemnify DWF Installations.  *Id*. at 6-9.

Defendants have not appeared in this matter and, therefore, Plaintiff moved for Clerk's Entry of Default pursuant to Federal Rule of Civil Procedure 55(a).  Docs. 21, 22.  The Clerk entered default and Plaintiff now moves for default judgment against Defendants under Rule 55(b)(1).  Doc. 27 (the Motion).  The Motion fails for a several reasons.

Before entering default judgment, the Court must ensure that it has jurisdiction over the claims and parties and that the well-pled factual allegations of a complaint, which are assumed to be true, adequately state a claim for which relief may be granted.  *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2]  In assessing personal jurisdiction, the Court must assess the validity of service of process.  *360 Exterior Sols., LLC v. 360 Bld. Sols.,*

---

[2] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

*LLC*, at *4 (M.D. Fla. Jan. 25, 2022); 2022 WL 218563 (citing *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003) (finding that "insufficient service of process . . . implicates personal jurisdiction and due process concerns.")). It is also Plaintiff's burden to address the elements of the causes of action and the specific, well-pled facts in the operative complaint that satisfy each of those elements.

Here, the Motion is deficient because Plaintiff fails to address any of those issues. Namely, Plaintiff does not demonstrate jurisdiction because Plaintiff does not mention *in personam* jurisdiction, the basis for diversity jurisdiction, or explain why service of process on each Defendant was sufficient. *See* Doc. 27.

Further, while Plaintiff cites to a Middle District of Florida case for the general proposition that it is appropriate to enter default in insurance coverage cases and refers the Court to a couple of cases that dealt with similar exclusion provisions, the citations do not satisfy the requirement that Plaintiff address the elements of the causes of action and the specific, well-pled allegations that satisfy each element in this case.

Here, a more thorough examination of Plaintiff's causes of action is necessary. First, there are two counts for relief and Plaintiff fails to specify if it seeks default judgment on both. *See* Doc. 27. It appears that Plaintiff only seeks default judgment on Count One as it relates to the exclusion provision, but it is not clear. *See id*. As such, Plaintiff must clarify the basis for the relief that is sought.

Second, Plaintiff seeks a declaratory judgment against ABS—a non-party to this action and a non-party to the Policy at issue. Accordingly, in addition to the basis for relief against DWF Installations, Plaintiff must address the elements of the cause of action against ABS and the propriety of relief against a non-party.

Third, because Plaintiff does not adequately discuss the grounds for any claim, the Court is left unsure as to what law applies. From a cursory review of the Policy and other supporting documents attached to the Amended Complaint, there does not seem to be a choice of law provision. The Court will not make assumptions as to what law applies especially since Plaintiff is a New Mexico corporation, Ashton is a Nevada company, and DWF Installations and ABS are Florida corporations.

Fourth, Plaintiff requests that the Court "address questions of present and actual controversy" (Doc. 14 at 1) but does not adequately discuss the controversy as to each of the Defendants. *See* Doc. 27. Plaintiff refers generally to the Underlying Suit (*See* Doc. 27 at 1-2) but fails to provide a legal basis regarding the claims against Defendants. A sufficient brief on the causes of action might remedy this issue.

Fifth, assuming Plaintiff can adequately address jurisdiction, service, and the elements or law that support its causes of action, the Court questions whether default is appropriate given the allegations in the Amended Complaint and the attached exhibits. Specifically, Plaintiff requests that the Court construe the Policy and declare that Plaintiff has no duty to defend or indemnify DWF Installations due to the "townhouse exclusion" and because there is no evidence of the work. Doc. 14 at 3, 6-9. Plaintiff asserts that it issued the Policy to DWF Installations effective September 10, 2016 to September 20, 2017, and refers the Court to the Policy attached to the pleading. *Id*. at 3. The Policy attached to the Amended Complaint, however, is for period September 10, 2012 to September 10, 2013. Doc. 14-1. There is no reference to September 2016 or September 2017.[3] *See id*. The Court will not construe a policy it does not have. Later in the

---

[3] Plaintiff does not necessarily make clear why the September 10, 2016 to September 10, 2017 policy period is at issue.

Amended Complaint, Plaintiff includes a footnote and states: "The Policy is a renewal of *several Policies* issued in prior years, with effective dates from September 10, 2012 – September 10, 2013, September 10, 2013 – September 10, 2014, September 10, 2015 – September 10, 2016." *Id*. at 8 n.4 (emphasis added).  Assuming that is true because of the default, there is nothing that demonstrates that the Policy at issue from September 2016 to September 2017 is a replica of the document dated 2012 to 2013—the only Policy before the Court.  In other words, the exhibits do not necessarily support Plaintiff's allegations. *See also Rigby v. Direct Gen. Ins. Co.*, 2023 WL 3479135, at *5 (M.D. Fla. May 16, 2023) (finding that the supporting materials do not set forth a factual basis for the allegation) (citing *Phoenix Entm't Partners, LLC v. Orlando Beer Garden, Inc.*, 2016 WL 1559164, at *5 (M.D. Fla. Mar. 30, 2016), *report and recommendation adopted by* 2016 WL 1559164 (M.D. Fla. Apr. 18, 2016) ("Moreover, the conclusions advanced in the [motion for default judgment] are contradicted by other filings.") (citing *Global Auto v. Hitrinov*, 2021 WL 7367078, at *5 (E.D.N.Y. Aug. 20, 2021), *report and recommendation adopted by*, 2022 WL 593613 (Feb. 28, 2022) ("Although a motion for default judgment requires the court to accept all well-pleaded allegations as true, an allegation is not well-pleaded if it is contradicted by the parties' own pleadings and submissions in support of default judgment.") (citing *Getty Images (US) Inc. v. Advernet, Inc.*, 797 F.Supp. 2d 399, 439 (S.D.N.Y. 2011) ("Allegations are not well-pleaded 'which are contrary to uncontroverted material in the file of the case.'") (internal citations omitted).

Further, it seems that the sole basis for the Motion is that Defendants have defaulted on Plaintiff's claim that the Policy does not cover DWF Installations or ABS in the Underlying Suit because there is an "endorsement titled 'Exclusion – Condominium, Apartment, Townhouse or Tract Housing' ('CATT Exclusion')." Doc. 27 at 4.  As such, Plaintiff requests that the Court find that the exclusion is a "sufficient basis" for a final default judgment. *Id*. at 5.  But Plaintiff also

alleges in the Amended Complaint that "[t]he actual window installation work performed by DWF was performed outside the effective dates of the subject Policy or *any* Policy issued by [Plaintiff]." Doc. 14 at 8 (emphasis in original). Plaintiff claims that the third-party complaint in the Underlying Suit does not allege any occurrence or damage "caused during the effective dates of the Policy, i.e., between September 10, 2016 to September 10, 2017 ('Policy Period'), or any specific period whatsoever caused by DWF." *Id*. at 6. It seems that this is the basis for Count Two, yet Plaintiff does not address this claim in the Motion. *See* Doc. 27. The Court does not suggest that a party must seek default judgment on all claims, but it questions why it should construe or interpret a policy that allegedly has no application given the policy period. As stated *supra*, Plaintiff must specify if it seeks default judgment on one or both counts and must further address the propriety of the requested declaration based only on the exclusion provision when the entire Policy is allegedly not at issue.

Finally, Plaintiff must specify why it is appropriate for this Court to issue declaratory relief when the Policy apparently has some relevance in the Underlying Suit. Plaintiff claims in the Amended Complaint that since DWF Installation's alleged defective work was performed outside or after the policy period, "there is no reason to wait for an adjudication in the Underlying Case, especially because the dates of the work itself may not and will not be an essential element of the claims made." Doc. 14 at 8. Based on this allegation, it appears Plaintiff anticipated an impediment based on the ripeness of its claims and, therefore, Plaintiff must address the allegation upon a renewed request for default judgment. To be clear, Plaintiff may have a place in federal court, but it must at least explain with citation to authority why the Court should proceed.

Accordingly, it is **ORDERED** that the Motion (Doc. 27) is **DENIED without prejudice**.

**ORDERED** in Orlando, Florida on July 19, 2024.

                                                      DANIEL C. IRICK
                                                     UNITED STATES MAGISTRATE JUDGE